DONNA M. MEZIAS (SBN 111902)
LIZ K. BERTKO (SBN 268128)
dmezias@akingump.com
lbertko@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMER CAMP, individually, and on behalf of all others similarly situated; and, ADRIANA CORREA, individually, and on behalf of all others similarly situated;<br><br>*Plaintiffs*,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and, DOES 1-10, inclusive,<br><br>*Defendants.* | Case No.<br><br>DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453<br><br>[Declarations of Liz K. Bertko, Deborah Mosunich, and G. Edward Anderson, Certification and Notice of Interested Entities or Persons, and Civil Cover Sheet filed concurrently]<br><br>(*Santa Clara County Superior Court, Case No. 19CV344872*)<br><br>Date Action Filed:  March 20, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support, Home Depot states as follows:

1. On March 20, 2019, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of Santa Clara, Case No. 19CV344872. Declaration of Liz K. Bertko ("Bertko Decl.") ¶ 2 & Ex. A. The complaint was served on Home Depot on March 25, 2019. *Id.* at ¶ 3 & Ex. C. On April 19, 2019, Home Depot filed its Answer to the Complaint. *Id.* at ¶ 4 & Ex. D. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Bertko Declaration, filed concurrently in support of this Notice of Removal.

2. Plaintiffs are current and former hourly Home Depot employees. They allege that Home Depot failed to pay hourly and overtime wages. Complaint ¶¶ 24-45. In particular, plaintiffs allege that defendant engaged in illegal "rounding" of time at the beginning and end of shifts, and that this practice resulted in hourly employees not being paid for all time worked. Complaint ¶¶ 13, 42. Plaintiffs also assert a derivative claim for unfair competition. Complaint ¶¶ 46-60.

3. Plaintiffs seek to bring this action on behalf of a class consisting of all persons employed by Home Depot as non-exempt employees in California between March 20, 2015 and the present "whose aggregate work time for purposes of calculating payroll was lower after application of time rounding … than the aggregate work time

captured by the timekeeping system before applying rounding to daily total time worked." Complaint ¶ 17.[1]

4. <u>Timeliness</u>. Plaintiffs filed their complaint in Santa Clara County Superior Court on March 20, 2019. The complaint was served on Home Depot on March 25, 2019. *See* Bertko Decl. ¶ 3 & Ex. C. Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

5. <u>Jurisdiction</u>. This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. § 1332(d)(2), (d)(6), and (d)(11)(B)(i). These criteria are satisfied here.

6. <u>Class Size</u>. Plaintiffs seek to bring this action on behalf of all persons employed by Home Depot as non-exempt employees in California between March 20, 2015 and the present who were underpaid as a result of Home Depot's policy of rounding time to the nearest quarter hour. Complaint ¶ 17. Plaintiffs acknowledge that the class includes "well over 60,000" individuals. *See* Complaint ¶ 13, 20(a). In fact,

---

[1] Home Depot denies plaintiffs' allegations and disputes that this action is appropriate for class treatment. However, for purposes of estimating the amount in controversy, the allegations of plaintiffs' complaint are assumed to be true. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citations omitted)).

since March 20, 2015, Home Depot has employed at least 130,000 persons in hourly, non-exempt roles in California.  Declaration of G. Edward Anderson ("Anderson Decl."), filed and served concurrently, ¶ 6.[2]  All of these individuals are subject to Home Depot's rounding rules.  Complaint ¶ 13 (Home Depot's rounding policy applies "state-wide").  Thus, the putative class includes more than 100 individuals.

7.    <u>Diversity of Citizenship</u>.  At all relevant times, there has been diversity of citizenship between the parties to the action.  "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted).  Minimal diversity exists if any class member is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

8.    The putative class includes citizens of California, including plaintiffs Camp and Correa.  Throughout his employment with Home Depot, Camp has maintained a California residential address on file with Home Depot and worked at a retail store in Brentwood, California.  *See* Declaration of Deborah Mosunich ("Mosunich Decl."), filed concurrently, ¶ 4; Complaint ¶ 3 (plaintiff Camp "currently works for defendants in California").  Likewise, throughout her employment with Home Depot, Correa maintained a California residential address on file with Home Depot and worked at retail stores in Southern California.  Mosunich Decl., ¶ 4; Complaint ¶ 4 (plaintiff Correa "work[ed] for defendants in California").  Plaintiffs' employment and residence in California conclusively establish California citizenship.  *See Bey v. SolarWorld Indus. Am., Inc.*, No. 3:11-cv-1555-SI, 2012 WL 6692203, at *2 (D. Or. Dec. 26, 2012) (residential address provided by employee to employer is prima facie evidence of citizenship); *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California

---

[2] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit.  *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

residence over multiple years).

9. Further, plaintiffs seek to represent a class consisting of thousands of current and former California employees. Complaint ¶ 17; *see also* Anderson Decl. ¶ 6. This putative class logically includes other California citizens as well.

10. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California. As plaintiffs concede, Home Depot is organized and incorporated under the laws of Delaware. *See Ottaviano v. Home Depot, Inc. U.S.A.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"); Complaint ¶ 5; Mosunich Decl. ¶ 2. Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108; Mosunich Decl. ¶ 2.

11. Defendants DOES 1-10 are unidentified. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. FoodsCorp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (internal citations omitted).

12. Accordingly, this action involves citizens of different states: Plaintiffs are citizens of California (and seek to represent other California citizens) and Home Depot is a citizen of Delaware and Georgia. Thus, the CAFA minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

13. <u>Amount in Controversy</u>. Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by plaintiffs, or that plaintiffs can properly represent the putative class, that plaintiffs' claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial … because they are not stipulating to damages suffered"). As the United States Supreme Court has held, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549, 554 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances). In determining whether the amount in controversy is met, the Court considers all requested relief, "including … punitive damages, statutory penalties, and attorney's fees." *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011). Under this standard, the amount in controversy is easily met.[3]

---

[3] Plaintiffs allege that the aggregate claim of the class is under the $5 million dollar CAFA threshold. Complaint ¶ 11. However, "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez,* 728 F.3d at 981; *see also Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW(Ex), 2014 U.S. Dist. LEXIS 168295, at *7 (C.D. Cal. Dec. 3, 2014) ("Plaintiff's cap on the amount in controversy

14. As part of the First Cause of Action, plaintiffs allege that workers were deprived of regular and overtime wages due to Home Depot's rounding policy. Complaint ¶¶ 13, 42. Plaintiffs allege that, "at all relevant times," Home Depot had a "centrally devised," "uniform, state-wide" policy requiring the rounding of time worked and that, pursuant to this policy, the time records of putative class members are rounded "either up or down to the nearest quarter hour." Complaint ¶ 13, 40, 41, 42. "Thus, when an employee works one to seven minutes over an integer number of hours," plaintiff alleges, "those additional minutes are rounded down, and the employee is paid only for the integer number of hours." *Id.* Due to this "uniform, state-wide" rounding policy, plaintiffs contend that class members were deprived of minimum, overtime, and double time wages, and seek regular, overtime and double time wages, as well as liquidated damages and interest. *Id.* ¶ 13, 14, 21(a), (b), (c), Complaint, Prayer for Relief.

15. At least 130,000 individuals worked for Home Depot as hourly, non-exempt employees in California from March 20, 2015, the beginning of the four-year limitations period for plaintiff's unpaid minimum wage claim, through January 31, 2019 ("class period"). *See* Anderson Decl. ¶ 6. These employees worked over 9,000,000 work weeks during the class period. *See* Anderson Decl. ¶ 7. Using a minimum wage rate of $10 per hour,[4] and estimating that employees were underpaid by seven minutes in 25% of all work weeks, the resulting alleged unpaid minimum wage claim is **$2,625,000** ($10 x .1167 hours x 2,250,000 work weeks), excluding interest. This estimate is conservative given plaintiffs' allegations regarding Home Depot's "uniform" rounding practices and his assertion that all time should be "*rounded up*" under

---

should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.").

[4] The current minimum wage in California is $11 per hour. It increased from $10.50 to $11 in January 2018. *See* History of California Minimum Wage, *available at* https://www.dir.ca.gov/iwc/minimumwagehistory.htm. The minimum wage has been $10 per hour or above since January 2016. *Id.*

California law. *See* Complaint ¶ 40 (alleging that, under California law, all time should be "round[ed] up") (emphasis added); *Altamirano v. Shaw Industries, Inc.,* No. C-13-0939 ECM, 2013 WL 2950600, at *7, 9-10 (N.D. Cal. June 14, 2013) (estimate that each class member underpaid by "30 minutes per week" reasonable in light of plaintiff's allegation that defendant rounded time pursuant to uniform policy); *Archuleta v. Avcorp Composite Fabrication, Inc.,* No. CV 18-8106 PSG (FFMx), 2018 WL 6382049, at *3-4 (C.D. Cal. Dec. 6, 2018) (assumption that each class member underpaid by "three minutes of time per day" due to rounding reasonable in light of allegation that defendant rounded time pursuant to uniform policy).

16. Plaintiffs also seek unpaid overtime and double time wages based on Home Depot's allegedly unlawful rounding policy. *See* Complaint ¶¶ 13, 14, 21(a). Using an overtime rate of $15 per hour,[5] and estimating, conservatively, that class members are owed 3 minutes of overtime in 25% of all work weeks, the resulting alleged unpaid overtime is **$1,687,500** ($15 x .05 hours x 2,250,000 work weeks), excluding interest. Again, this estimate is conservative in light of plaintiffs' allegations regarding defendant's uniform rounding policy. *Altamirano,* 2013 WL 2950600, at *7, 9-10; *Archuleta,* 2018 WL 6382049, at *3-4.

17. Plaintiffs also seek liquidated damages in connection with their unpaid wage claim. *See* Complaint ¶ 29, 45. Under Labor Code section 1194.2, employees are entitled to liquidated damages in an amount equal to the underlying unpaid wages owed, plus interest, if they prevail on their underlying claim. *See* Cal. Labor Code § 1194.2. Thus, liquidated damages place an additional **$2,625,000** in controversy ($2,625,000 in unpaid minimum wages x 1).

18. In connection with each of their causes of action, plaintiffs also seek attorneys' fees, which must be included in the amount in controversy. *See Galt G/S v.*

---

[5] The overtime rate of $15 is 1.5 times the minimum hourly wage rate of $10. *See* Cal. Labor Code § 510.

*JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).  The Ninth Circuit has established 25 percent of total potential damages as a benchmark for attorneys' fees.  *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.,* No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorneys' fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.,* No. CV 14-01429 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.,* No. 14-CV-0789-L (DHB), 2014 WL 3818304, at *4-5 (denying motion to remand where defendant showed potential damages of $4.2 million because attorneys' fees of 25 percent brought the total amount in controversy to $5.3 million).  Attorneys' fees of 25 percent place an additional **$1,734,375** in controversy.

19.  In short, even by conservative estimates, the total monetary relief placed in controversy by the complaint is well over $8.5 million.  Therefore, the amount in controversy requirement is satisfied.  *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of evidence standard where defendant's conservative estimates exceeded the requisite amount).

20.  <u>Venue</u>.  The United States District Court for the Northern District of California is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

21.  There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Home Depot requests that the above action now pending in the Superior Court of California for Santa Clara be removed to this Court.  In the event the

///

///

Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Dated: April 24, 2019

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By    /s/ Donna M. Mezias
Donna M. Mezias
Attorneys for Defendant
Home Depot U.S.A., Inc.

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453