1  Kane Moon (SBN 249834)
        kane.moon@moonyanglaw.com
2  H. Scott Leviant (SBN 200834)
        scott.leviant@moonyanglaw.com
3  Lilit Ter-Astvatsatryan (SBN 320389)
        lilit@moonyanglaw.com
4  **MOON & YANG, APC**
   1055 W. Seventh St., Suite 1880
5  Los Angeles, California 90017
   Telephone: (213) 232-3128
6  Facsimile: (213) 232-3125

7  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMER CAMP, et al., | Case No.: 5:19-cv-02240-LHK |
| *Plaintiffs*, | <u>CLASS ACTION</u> |
| vs. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR AN AWARD OF ATTORNEY'S FEES** |
| HOME DEPOT U.S.A., INC., et al, | |
| *Defendants*. | Date:         September 12, 2019<br>Time:         1:30 p.m.<br>Courtroom: Courtroom 8<br>Judge:        Lucy Koh |
| | Action Filed: March 20, 2019 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I. INTRODUCTION ............................................................................................................. 2

II. DISCUSSION .................................................................................................................... 4

    A. A Removing Defendant Must Establish That Jurisdiction Exists ............................... 4

    B. Defendant Has Failed to Prove the Amount in Controversy Required Under the Class Action Fairness Act of 2005 ................................................................................. 5

        1. Defendant's Removal Rests on Improper Assumptions and Must be Rejected on That Basis ........................................................................................................... 5

        2. Defendant Improperly Re-Defines the Class Alleged by Plaintiffs to Roughly Double Its Calculated Amount in Controversy ................................................... 10

        3. Defendant's Calculation of Liquidated Damages is Wrong .............................. 11

    C. Because the Burden on the Removing Party is Well Established and Defendant Wilfully Chose to Remove with a Clearly Inaccurate Class Size, a Legally Incorrect Calculation of Liquidated Damages, and Assumptions That Are Not "Summary-Judgment-Type Evidence" in Support of Removal, Its Removal Was Objectively Unreasonable and Fees Should be Awarded ........................................... 12

III. CONCLUSION ................................................................................................................ 14

TABLE OF AUTHORITIES

**FEDERAL DECISIONAL AUTHORITY**

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ...................................5, 6

*Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC,
   2013 WL 2950600 (N.D. Cal. June 14, 2013) ........................................................................10

*Armstrong v. Ruan Transportation Corp.*, 2016 WL 6267931 (C.D. Cal. October 25, 2016)..............8, 9

*Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014) ..........................................5

*Federal Home Loan Mortg. Corp. v. Lettenmaier*, No. CV–11–165–HZ,
   2011 WL 1297960 (D.Or. Apr. 5, 2011)..................................................................................13

*Fong v. Regis Corp.,* 2014 WL 26996 (N.D. Cal. Jan. 2, 2014)......................................................4

*Garibay v. Archstone Communities LLC*, 538 Fed. Appx. 763 (9th Cir. 2013)..................................6, 8

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ..........................................................................5

*Hernandez v. Towne Park Ltd.*, 2012 WL 2373372 (C.D. Cal. 2012) ........................................................7

*Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) ........................................................5

*Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193 (9th Cir. 2015) ..........................................5, 6, 7, 10

*Kogok v. T–Mobile USA, Inc.,* No. 13–cv–838 BEN (BLM),
   2013 WL 5679021  (S.D.Cal. Oct. 15, 2013)............................................................................9

*Leon v. Gordon Trucking, Inc.,* 2014 WL 7447701 (C.D. Cal., Dec. 31, 2014)................................5

*Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008) ...........................................13

*Martin* ....................................................................................................................................5

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005)......................................13

*Parson v. Golden State FC, LLC*, No. 16-CV-00405-JST,
   2016 WL 1734010 (N.D. Cal. May 2, 2016) ..........................................................................12

*Prado v. Dart Container Corp. of California*, No. 18-CV-07286-LHK,
   2019 WL 1239856 (N.D. Cal. Mar. 18, 2019) ..........................................................................3

*Rutledge v. Healthport Techs., LLC*, No. 16-CV-06920-VC,
   2017 WL 728375 (N.D. Cal. Feb. 24, 2017)..................................................................6, 7, 9

*Sanchez v. WaveDivision Holdings, LLC*, No. 18-CV-02439-VC,

   2018 WL 3343589 (N.D. Cal. July 9, 2018) ................................................................................6, 9

*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013) ..........................................................................5

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) ..................................................................3, 6, 7

**CALIFORNIA DECISIONAL AUTHORITY**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999)..........12

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ....................................................12

**STATUTES**

28 U.S.C. § 1441 ...........................................................................................................................................5

Labor Code § 1194.2 ...............................................................................................................................4, 11

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2019 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs DELMER CAMP and ADRIANA CORREA ("Plaintiffs") will and do hereby move this Court for an order (1) remanding this case to the Superior Court of the State of California, County of Los Angeles, and (2) awarding attorney's fees in the amount of $11,880.00, or such other amount as the Court deems just and proper.

This Motion is made on grounds that this Court lacks subject matter jurisdiction over this action. Defendant improperly removed this action for the following reasons:

1. Setting aside the impropriety of "assuming" any information used to generate calculations, as discussed below, the removal amount in controversy calculations are based upon the incorrect definition of the Class. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), 1453 and 1711-1715, federal subject matter jurisdiction exists, *inter alia*, when there is minimal diversity and an aggregated amount in controversy of more than $5 million dollars. As a result, the entire discussion of the amount in controversy by Defendant is devoid of any factual connection to the Class alleged in this matter, and the Court must remand for failure to support the amount in controversy alleged in support diversity jurisdiction under CAFA.

2. Removal is based on unsupported assumptions regarding potential damages in support of alleged diversity jurisdiction under CAFA. As set forth above, federal subject matter jurisdiction exists, *inter alia*, when there is minimal diversity and an aggregated amount in controversy of more than $5 million dollars. The burden of proving CAFA's jurisdictional prerequisites falls on the removing defendant, and Defendant has failed to meet this burden. Here, Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million, as required under CAFA. Assumptions, whether characterized as "conservative" or not, do not provide support for the amount in controversy.

3. Setting aside the impropriety of "assuming" any information used to generate calculations,

the calculations of certain portions of the amount in controversy are legally incorrect.

Plaintiff's counsel requests an award of attorney's fees on the ground that Defendant's decision to remove this matter with inadequate evidence of the amount in controversy, a patently incorrect class definition, and a legally unsupportable calculation of liquidated damages is objectively unreasonable.

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of H. Scott Leviant filed concurrently herewith, the Reply Brief in support, all papers and pleadings on file with the Court in this action, and on any and all further oral and documentary evidence as the Court may consider in connection with the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a wage and hour class action brought by Plaintiffs, alleging state law causes of action asserting a *single* theory of recovery: Class members were paid less during the Class Period than was recorded on Home Depot U.S.A., Inc.'s ("Home Depot" or "Defendant") sophisticated digital timeclock system due to rounding of daily recorded time. Home Depot removed this matter from the California Superior Court. When a case is removed under the Class Action Fairness Act of 2005 ("CAFA"), the removing defendant has the burden of showing that more than $5,000,000 is at issue in the case. Defendant failed to properly establish that amount for *several* reasons, and this Court lacks subject matter jurisdiction over this case as a result. The case must be remanded back to state court.

A trifecta of errors by Defendant mandates remand:

1. First, Defendant disregarded the definition of the Class in this matter, instead basing calculations on the entire population of non-exempt employees of Home Depot during the four years prior to the filing of the Complaint. Defendant roughly **doubled** the size of Plaintiffs' defined Class, using **130,000** individuals for its asserted amount in controversy, resulting in amount in controversy calculations that are **at least** double the correct amount. (*See*, Dkt. No. 1-1, Declaration of Anderson ["Anderson Decl."], at ¶ 6; Dkt. No. 1-4, Complaint, at ¶¶ 13 ("over **60,000** Associates employed by Home Depot have been *paid for less time than was captured by the Kronos timekeeping system used by Home Depot as*

*a result of the rounding policy imposed by Home Depot*"), 17 (true class definition), 41 ("policy harmed *some* employees".)  Since Defendant's doubled class was used to assert an amount in controversy of about $8.5 million, the true amount must be less than $4.25 million, *well under* the necessary $5 million that must be at issue.  For this reason, alone, remand is required.  Moreover, Defendant can offer no valid justification for disregarding Plaintiff's Class definition and, instead, using wildly inaccurate figures to claim an amount in controversy high enough to support removal under CAFA.

2. Defendant asserts the amount in controversy based, in part, on assumptions.  Numerous courts, including Courts in this District, have held that a defendant cannot meet its burden to establish the amount in controversy by assuming a violation rate (i.e. assuming a specific amount of unpaid overtime for each class member).  Rather, to demonstrate the jurisdictional minimum, the Court considers "**summary-judgment-type evidence**." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (emphasis added); *see also Sanchez v. WaveDivision Holdings, LLC*, No. 18-CV-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018).  While Defendant's counsel recently contended to Plaintiffs' counsel in a meet and confer discussion that the strict removal standard applied to CAFA was abrogated, the Ninth Circuit disagrees.  In *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193 (9th Cir. 2015), the Ninth Circuit reaffirmed that a removing defendant bears the burden of showing that the amount-in-controversy requirement is met in CAFA cases: "Manheim, as the removing defendant, has the burden of proof on this [issue of whether more than $5,000,000 is in controversy by a preponderance of the evidence]." *Ibarra* at 1199.   As this Court recently observed, "The party seeking removal bears the burden of establishing federal jurisdiction." *Prado v. Dart Container Corp. of California*, No. 18-CV-07286-LHK, 2019 WL 1239856, at *2 (N.D. Cal. Mar. 18, 2019).  Continuing, this Court noted that " 'The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.' " *Id.*

3. Finally, Defendant applied the incorrect period of time to its asserted amount in controversy related to liquidated damages pursuant to Cal. Labor Code § 1194.2.  Because

Labor Code § 1194.2 permits recovery of "liquidated *damages* in an amount equal to the *wages* unlawfully unpaid. . . .," it is a damage separate and apart from the unpaid wage. Thus, this amount cannot be recovered under a four-year statute of limitation by utilizing the Unfair Competition Law to extend the statute. Defendant's calculation is legally wrong in this regard.

Because Defendant's calculation of the amount in controversy is deficient in these three, distinct ways, its contentions regarding the amount of attorney's fees at issue are unsupported. The asserted amount of fees at issue incorrectly assumes that the underlying calculations were accurate, which they are not. *See*, *e.g., Fong v. Regis Corp.,* 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014) ("A court cannot base…jurisdiction on a defendant's speculation and conjecture; '[r]ather, defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.'").

Defendant utilized a class twice the size of the one defined by Plaintiffs. Defendant assumed unpaid amounts when it has all the records necessary to correctly calculate the amount alleged by Plaintiffs. Defendant improperly applied a four-year statute of limitation to a damage claim, which is not permitted under the UCL in California. For these reasons, this matter should be remanded to the California Superior Court, County of Santa Clara. Because the removal was performed in an objectively unreasonable manner, Plaintiffs request an award of fees for the time spent preparing this Motion, in the amount of $11,137.50.[1]

## II.   DISCUSSION

### A.   A Removing Defendant Must Establish That Jurisdiction Exists

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by a defendant ... to [a] federal district court." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28

---

[1] In the event that the Court conducts a hearing on this Motion, Plaintiffs request the additional costs of travel and time spent traveling to and attending the hearing.

U.S.C. § 1441). It is presumed, however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal quotation marks omitted); *see also Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction")."Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, at 566. Where a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 682–3 (9th Cir. 2006). The court "resolves all ambiguity in favor of remand." *Hunter*, 582 F.3d at 1042. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134 (2005).

The Central District in *Leon v. Gordon Trucking, Inc.,* 2014 WL 7447701 (C.D. Cal., Dec. 31, 2014), recognized, after *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014), that the burden of demonstrating the amount-in-controversy is still on the removing defendant: "As noted, the burden of establishing federal jurisdiction is on the party seeking removal….Thus, '[a] defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.' "*Leon*, at *9 (citations omitted); *accord*, *Ibarra*, 775 F. 3d at 1199.

B. **Defendant Has Failed to Prove the Amount in Controversy Required Under the Class Action Fairness Act of 2005**

1. **Defendant's Removal Rests on Improper Assumptions and Must be Rejected on That Basis.**

According to the United States Supreme Court, "the [CAFA] statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim *of each person who falls within the …proposed class* and determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (emphasis added).

The Ninth Circuit has long held that the burden in showing whether the amount-in-controversy requirement is met in diversity cases is on the removing defendant. *Valdez.*, 372 F. 3d at 1117. "[U]nder

CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego*, 443 F. 3d at 685.  In *Ibarra*, the Ninth Circuit reaffirmed that a removing defendant bears the burden of showing that the amount-in-controversy requirement is met in CAFA cases: "Manheim, as the removing defendant, has the burden of proof on this [issue of whether more than $5,000,000 is in controversy by a preponderance of the evidence]." *Ibarra*, at 1199.  The Ninth Circuit further explained that the assumptions underpinning a damage estimate: "cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*

Where a complaint does not specify the amount in controversy, the burden on the removing party, as held by the Ninth Circuit, is to prove that the jurisdictional minimum is met by a preponderance of the evidence. *Abrego Abrego*, 443 F.3d at 685; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the Defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement). To demonstrate the jurisdictional minimum, the Court considers "**summary-judgment-type evidence**." *Valdez v. Allstate Ins. Co.*, 372 F.3d at 1117 (emphasis added).

Recently, one Northern District Court, citing *Ibarra* and other decisions, and considering a wage and hour matter like the one here, remanded an action after observing that the removing defendant pulled violation rates out of thin air:

> Although WaveDivision may draw reasonable inferences from the complaint and from the evidence submitted in connection with the removal of the complaint and the motion to remand, WaveDivision is "not permitted to pull potential violation rates out of thin air." *Rutledge*, 2017 WL 728375, at *2 (citing *LaCross v. Knight Transportation Inc.*, 775 F.3d 1201, 1202-03 (9th Cir. 2015); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *Garibay v. Archstone Communities LLC*, 539 Fed.Appx. 763, 764-65 (9th Cir. 2013) ). That is what WaveDivision did here.

*Sanchez v. WaveDivision Holdings, LLC*, No. 18-CV-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018).  And, in *Rutledge v. Healthport Techs., LLC*, No. 16-CV-06920-VC, 2017 WL 728375 (N.D. Cal. Feb. 24, 2017), a District Court observed that even the submission of *some* evidence is insufficient if it does not make the *full* showing required:

> HealthPort and Ciox submitted a declaration from a regional HR manager for Ciox, Jay Robinson, who reviewed the defendants' records. Robinson's declaration includes estimates of the number of current and former employees of the defendants in California over different limitations periods, the number of employees who left HealthPort and Ciox, and average rates of pay for employees working for and separated

from the defendants. But the declaration did not include any information relevant to the potential violation rates for the claims in the complaint, such as the frequency of shifts of different lengths.

*Rutledge*, 2017 WL 728375, at *1.

Here, Defendant expressly bases its removal on *assumptions*, which are not "**summary-judgment-type evidence**." *Valdez v. Allstate Ins. Co.*, 372 F.3d at 1117 (emphasis added):

- Assumption 1: "Using a minimum wage rate of $10 per hour, and ***estimating that employees were underpaid by seven minutes in 25% of all work weeks***, the resulting alleged unpaid minimum wage claim is $2,625,000 ($10 x .1167 hours x 2,250,000 work weeks), excluding interest." (Dkt. No. 1, at ¶ 15.) Defendant assumed *both* the amount of the underpayment *and* the frequency of the underpayments. What is also notable about this double-assumption is that Defendant has *all* of the data necessary to actually calculate the underpayments to the Class (as defined by Plaintiff, not Defendant).

- Assumption 2: "Using an overtime rate of $15 per hour, and ***estimating, conservatively, that class members are owed 3 minutes of overtime in 25% of all work weeks***, the resulting alleged unpaid overtime is $1,687,500 ($15 x .05 hours x 2,250,000 work weeks), excluding interest." Defendant assumed *both* the amount of the underpaid overtime *and* the frequency of the underpayments. What is again notable about this double-assumption is that Defendant has *all* of the data necessary to actually calculate the overtime wage underpayments to the Class (again, as defined by Plaintiff, not Defendant).

This is not sufficient for Defendant to meet its burden, as the Court easily held in *Sanchez*. As stated in *Ibarra*: "Because the complaint does not allege that Manheim universally, on each and every shift, violates labor laws by not giving rest and meal breaks, Manheim bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Ibarra,* at 1199.

A removing defendant cannot establish the amount in controversy by assuming a violation rate which is not supported by admissible, summary-judgment-type evidence. *Id.* In *Hernandez v. Towne Park Ltd.*, 2012 WL 2373372, *4 (C.D. Cal. 2012) a Central District Court said, when remanding a case where the notice of removal assumed that each class member missed only one meal break every two weeks:

> Although such an assumption is somewhat more plausible than the one on which the notice of removal was based, it is no less unsupported. The legal certainty standard requires that Towne Park adduce concrete evidence supporting federal jurisdiction, not mere supposition.

Similarly, the Ninth Circuit affirmed an order remanding a case to state court where the defendant *assumed* that each class member missed one meal and rest break a week:

> Moreover, just as the *factual* justification was lacking for the use of the 100% violation rate, the evidence supporting the justification for using the revised rates likewise is missing. For example, Defendant provides no factual underpinning for the assumption that a meal and rest break violation occurred one time per week or why an overtime violation should be presumed to occur for four hours every week. The fact that Defendant's revised figures are smaller than the original numbers does not lessen the burden of providing *evidence, rather than assumptions*. Failing to do so does not constitute the summary judgment-type evidence contemplated to evaluate removal jurisdiction.

*Garibay v. Archstone Communities LLC*, 538 Fed. Appx. 763, 764 (9th Cir. 2013).

In *Armstrong v. Ruan Transportation Corp.*, 2016 WL 6267931, at *34 (C.D. Cal. October 25, 2016) a Central District Court granted a motion to remand where the defendant's calculation was based on an *assumption* of one missed meal and rest period per class member every week. Compared to these cases, Defendant's showing in support of removal is equally paltry. It is, therefore, less excusable, as Defendant requires nothing but its own records to show the true amount in controversy: (1) it has all the timeclock data; (2) it knows which employees during the Class period experienced a net loss in pay due to rounding; and, (3) it knows which such amounts would be paid at the overtime rate. Because the absence of sufficient "**summary-judgment-type evidence**" parallels what was provided in many other cases remanded for an inadequate showing of the amount in controversy, the case should be remanded without question.

Rejecting the sufficiency of the basis for removal in a case where some evidence was offered, but violation rates were assumed, one District Court said:

> Defendant next argues that Plaintiff's third and fourth causes of action for meal and rest period violations place $5,688,089.57 at issue. To reach this amount, Defendant assumes the claim states that one meal period and one rest period were missed for each work day for every class member. (Opp. at 19). Defendant then assumes a 20% violation rate resulting in an assumption "that each putative class member was denied a single meal period and a single rest period out of every five shifts worked." (*Id*). Defendant cites no facts to support this assumption nor does the Complaint allege support for such violations. The Complaint alleges that Plaintiff and class members did not receive compliant meal or rest periods because the periods were cut short, they were

not authorized, or class members were required to work during them. These allegations say nothing of the number of missed periods. They could just as well support an assumption of one missed meal period and one missed rest period every other week, or one period missed every month, or both periods missed every year. *See Armstrong v. Ruan Transp. Corp.*, 2016 WL 6267931, at *3 (C.D. Cal. October 25, 2016) (No "logical basis" to assume one missed meal and rest period per workweek where complaint alleged class members were denied "lawful" meal and rest periods.). As with the minimum wage and overtime claims, Defendant presented no factual support for its assumptions. Accordingly, Defendant has failed to meet its burden to prove the amount in controversy by a preponderance of the evidence.

*Whitaker v. U.S. Renal Care, Inc.*, No. CV 17-2661-R, 2017 WL 3412203, at *2 (C.D. Cal. Aug. 8, 2017).

*Whitaker* continued with its criticism of violation rate assumptions:

> To reach these figures, Defendant assumes that each employee was denied one hour of minimum wage compensation and one hour of overtime per week. However, Plaintiff's Complaint bases these claims on rounding errors. It strikes this Court as unreasonable to assume that Defendant incorrectly rounded Plaintiff's hours by two hours per week. It is unlikely that every class member will have worked overtime every week of the class period. Though Defendant cites to its payroll manager's declaration, the manager provides no facts to support these assumptions. The declaration simply calculates the total number of employees, pay periods, pay checks, etc. Accordingly, because Defendant has not provided facts to support its assumptions underlying its calculations, with respect to the first two claims, the Court finds that Defendant failed to meet its burden by a preponderance of the evidence.

*Whitaker*, No. CV 17-2661-R, 2017 WL 3412203, at *2.

Other Courts have likewise concluded that conjecture – even elaborate conjecture – does not provide a basis for removal. *See, e.g.*, *Sanchez*, No. 18-CV-02439-VC, 2018 WL 3343589, at *1; *Rutledge*, No. 16-CV-06920-VC, 2017 WL 728375, at *1; *Armstrong*, 2016 WL 6267931, at *34; *Helmerich & Payne Int'l Drilling Co.*, 2013 WL 5274283, *8 (E.D.Cal. Sept. 17, 2013) (holding that because the Defendant failed "to provide **any facts** supporting the calculations for violations, [d]efendant has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5 million"); *Kogok v. T–Mobile USA, Inc.*, No. 13–cv–838 BEN (BLM), 2013 WL 5679021 (S.D.Cal. Oct. 15, 2013) ("[Defendant] has not presented **any evidence** that [the violation rate] is an accurate assumption, nor does such an allegation appear in the FAC. Accordingly, [Defendant] has not established by a preponderance of the evidence that over $5 million is in controversy ....").

Even the couple of cases cited by Defendant in its removal in an attempt to buttress the use of assumptions to calculate the amount in controversy do not support Defendant here. For instance,

*Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *7 (N.D. Cal. June 14, 2013) observed that the majority of Courts permitting the use of any assumptions require that they be "supported directly by, or reasonably inferred from, the allegations in the complaint." *Altamirano,* 2013 WL 2950600, at *7. But *Altamirano* **predates** the Ninth Circuit's decision in *Ibarra*, which held:

> Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged. *Rodriguez,* 728 F.3d at 981. In light of *Standard Fire,* 133 S.Ct. at 1350, this rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million. *Rodriguez,* 728 F.3d at 981. The parties may submit evidence outside the complaint, including affidavits or declarations, or other "***summary-judgment-type evidence*** relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997) (internal quotation marks omitted). Under this system, ***a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions***.

*Ibarra*, 775 F.3d at 1197 (emphasis added).

Defendant's assumptions are not evidence, are not reasonably tied to specific allegations in the Complaint, and do not prove by preponderance of the evidence that the amount in controversy exceeds $5,000,000 (or any amount at all) in this case.

### 2. Defendant Improperly Re-Defines the Class Alleged by Plaintiffs to Roughly Double Its Calculated Amount in Controversy

Plaintiffs' Complaint defines the Class as follows:

> All person current or formerly employed by Defendant HOME DEPOT U.S.A., INC., in hourly-paid positions within the State of California at any time on or after the date four years prior to the filing of the initial Complaint in this matter and whose aggregate work time for purposes of calculating payroll was lower after application of time rounding by Defendant HOME DEPOT U.S.A., INC.'s timekeeping systems than the aggregate work time captured by the timekeeping system before applying rounding to daily total time worked.

(Dkt. No. 1-4, Complaint, at ¶ 17.) But Defendant uses the following statement from Mr. Anderson to generate its amount in controversy:

> Between March 20, 2015 and January 31, 2019, Home Depot employed more than 130,000 non-exempt employees in California.

(Dkt. No. 1-1, Anderson Decl., at ¶ 6.) That is ***not*** the Class proposed by Plaintiff.

Instead, Plaintiffs alleged in the Complaint that the rounding performed by Home Depot "harmed *some* employees," not "all non-exempt employees" as Defendant imposes as a way to improve the appearance of its removal assumptions. (Dkt. No. 1-4, Complaint, at ¶ 41.) Moreover, Plaintiffs' Complaint suggests that the Class size may be about *half* what Defendant claims, when it says, on multiple occasions, that "over **60,000** Associates employed by Home Depot have been *paid for less time than was captured by the Kronos timekeeping system used by Home Depot as a result of the rounding policy imposed by Home Depot*." (Dkt. No. 1-4, Complaint, at ¶ 13; *see also*, ¶ 1.)

Defendant contends that $8.5 million is in controversy. By simply correcting the class size to half the incorrect number of 130,000, and utilizing the same improperly asserted calculations, the amount in controversy would be around $4.25 million with a Class of about 65,000 individuals. Even if the Court were to conclude that the Class size is not established definitively by any Party, that, too, confirms that remand is necessary, since it is, at minimum, clear that Plaintiff's Class Definition includes fewer individuals that Defendant uses for its speculative calculations. To invoke federal court jurisdiction, Defendant is not permitted to simply make up Class and then assume violation rates and damage amounts, which is what Defendant did here.[2] As noted above, this is particularly inappropriate here, where the claim asserted is clearly defined and susceptible to precise calculation using data *entirely* in Defendant's possession. Defendant simply made no effort to provide that calculation.

### 3. Defendant's Calculation of Liquidated Damages is Wrong

In addition to the deficiencies noted above, Defendant applied the incorrect period of time to its asserted amount in controversy related to liquidated damages pursuant to Cal. Labor Code § 1194.2. Because Labor Code § 1194.2 permits recovery of "liquidated *damages* in an amount equal to the *wages* unlawfully unpaid. . . .," it is indisputably a damage distinct from the unpaid minimum wage. Thus, this amount cannot be recovered under a four-year statute of limitation by utilizing the Unfair Competition

---

[2] Defendant knows that it has grossly overstated the class size here. If Defendant does not want to concede that is true, Plaintiffs can demonstrate that fact, though, as a courtesy, Plaintiffs are willing to allow Defendant to simply acknowledge that the Class, as defined, is about half the size of the one Defendant imposes without justification.

Law to extend the statute. Defendant's calculation is legally wrong in this regard.

"While the scope of conduct covered by the UCL is broad, its remedies are limited, and '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.' " *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 63 P.3d 937 (2003) (*quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 179 (1999)). Applying this principle, a Court in this District concluded that meal period premium payments could not be recovered under the UCL as restitution:

> The Court concludes that these wages do not constitute restitution for the purposes of the UCL. Though the California Supreme Court does not appear to have addresses this question in relation to section 226.7, it held in Pineda v. Bank of America, N.A., 50 Cal. 4th 1389, 1401 (2010) that similar wages awarded pursuant to section 203 were not restitution under the UCL. Section 203(a) provides that if an employer does not timely pay all wages due to an employee who is discharged or quits, "the wages of the employee shall continue as a penalty" for up to 30 days. Id. (quoting Cal. Lab. Code § 203(a)). Contrasting the award of these wages with the unpaid overtime wages discussed in Cortez, the court explained that wages awarded under section 203 "would not 'restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.' " Id. (quoting Korea Supply, 29 Cal. 4th at 1149). While "it is the employers' action (or inaction) that gives rise to section 203 penalties," the unpaid wages identified in Cortez "arise[ ] out of *the employees'* action, i.e., their labor." Id.

*Parson v. Golden State FC, LLC*, No. 16-CV-00405-JST, 2016 WL 1734010, at *6 (N.D. Cal. May 2, 2016). The "liquidated damages" in this matter are more clearly distinct from "wages" than even the Labor Code § 203 "penalty wage" discussed in *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389 (2010). Defendant cannot utilize a four-year statute of limitation for calculating liquidated damages as it apparently did, given that the amount is identical to its asserted amount of unpaid minimum wages. (Dkt No. 1, at ¶¶ 15, 17.)

       **C.**    **Because the Burden on the Removing Party is Well Established and Defendant Wilfully Chose to Remove with a Clearly Inaccurate Class Size, a Legally Incorrect Calculation of Liquidated Damages, and Assumptions That Are Not "Summary-Judgment-Type Evidence" in Support of Removal, Its Removal Was Objectively Unreasonable and Fees Should be Awarded**

"Under 28 U.S.C. § 1447(c), '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.' " *Federal Home Loan*

*Mortg. Corp. v. Lettenmaier*, No. CV–11–165–HZ, 2011 WL 1297960, *1 (D.Or. Apr. 5, 2011) (quoting 28 U.S.C. § 1447(c)). " 'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.' " *Id*. (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005)).

This is not a situation where the law is unsettled, and a removal, though ultimately unsuccessful, was nevertheless at least reasonable in light of the uncertainty of the legal standard. *See, e.g., Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (distinguishing between removals with no reasonable basis and removals that, though unsuccessful, were not unreasonable: "Applying this test, the court held that Pfizer's attempt to remove under CAFA was objectively reasonable given that, at the time the notice of removal was filed, *no circuit court of appeals had rejected Pfizer's argument that the word "commenced" means the date on which a case is removed to federal court*.")

Every District in California and the Ninth Circuit have all concluded that a defendant has the burden on a CAFA removal to establish the amount in controversy with "summary-judgment-type evidence." Here, Defendant has failed to satisfy this standard in multiple ways that it cannot justify disregarding, since (1) it is settled as the overwhelming majority position that assumptions, rather than competent evidence, do not suffice to establish an amount in controversy, (2) the inability to recover "damages" via the UCL is conclusively settled under California law, and (3) Defendant knowingly distorted the class size by disregarding Plaintiff's precise definition to generate a much larger but unsupportable figure upon which to base its speculative assertions of the amount in controversy. For those reasons, Defendant cannot credibly contend that the decision to remove this action was a reasonable decision. Because the removal was performed in an objectively unreasonable manner, Plaintiffs request an award of fees for the time spent preparing this Motion.

/ / /

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Remand this case to state court and award fees as requested or in such other amount as the Court deems just and proper.

Respectfully submitted,

Dated: May 23, 2019           **MOON & YANG, APC**

By: _____
Kane Moon
H. Scott Leviant
Allen Feghali

Attorneys for Plaintiff