UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMER CAMP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br><br>Defendant. | Case No. 19-cv-02240-RS<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES** |

## I. INTRODUCTION

Plaintiffs Delmer Camp and Adriana Correa filed this putative class action in the Superior Court of California, Santa Clara. The operative complaint asserts state law claims against Defendant Home Depot U.S.A. Inc. ("Home Depot"). Home Depot removed the action to the Northern District of California pursuant to the Class Action Fairness Act ("CAFA"), contending that the amount in controversy can be reasonably estimated to exceed the $5 million threshold for jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2). Plaintiffs seek remand to the Superior Court of California and request an award of attorneys' fees. For the reasons explained below, Plaintiffs' motion to remand is granted and their motion for attorneys' fees is denied.

## II. LEGAL STANDARD

Under CAFA, 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). A class action

1  that meets CAFA standards may be removed to federal court. 28 U.S.C. § 1441(a). By enacting
2  CAFA, Congress intended to ease the ability of defendants to remove certain class or mass actions
3  to federal court. Accordingly, "a defendant's notice of removal need include only a plausible
4  allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee
5  Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Evidentiary submissions supporting
6  the grounds for removal are not required.

When evaluating a challenge to CAFA jurisdiction, courts looks first to the allegations in the complaint. In general, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra,* 775 F.3d at 1197 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If however, "damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* When a defendant's amount in controversy estimate is contested by plaintiffs, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Dart*, 135 S. Ct. at 554).

### III. DISCUSSION

**A. Motion to Remand**

The parties' sole dispute is whether CAFA's $5 million amount in controversy requirement is met. In its Notice of Removal, Home Depot contended the amount in controversy is over $8.5 million. In its Opposition, the company increased the estimated amount in controversy to $10.2 million. This estimate is based on the fact that "122,070 employees had one or more pay periods where the total recorded clock hours for that pay period was greater than total rounded hours." Anderson Decl. at ¶ 6. Plaintiffs, for their part, argue the amount in controversy is below $5 million and accuse Home Depot of improperly redefining the scope of the proposed class in order to satisfy the amount in controversy requirement.

The Complaint defines the class as:

> *All person[s] current or formerly employed by Defendant **HOME DEPOT U.S.A., Inc.,*** in hourly-paid positions within the State of California at any time on or after the date four years prior to the filing of the initial Complaint in this matter and ***whose aggregate work time for purposes of calculating payroll was lower after application of time rounding*** by Defendant HOME DEPOT U.S.A., Inc.'s timekeeping systems than the aggregate work time captured by the timekeeping system before applying rounding to daily total time worked.

Compl. ¶ 17 (emphasis added). Plaintiffs estimate this class amounts to "over 60,000 Associates employed by Home Depot" who have been paid for less time than was captured by the timekeeping system. *Id.* ¶ 13.

Home Depot responds with several arguments. First, Home Depot argues Plaintiffs' current characterization of the class is inconsistent with the allegations in the Complaint. Specifically, because the Complaint alleges claims for unpaid daily and weekly overtime, the class should be interpreted to include employees who were underpaid *in at least one pay period* even if those employees were not underpaid in the aggregate. *See Id.* ¶ 30 (alleged violation of Labor Code § 1197 referring to "all hours worked during a payroll period"); *id* ¶ 33 (alleged violation of Labor Code § 510 referring to overtime wage calculation for both work days and work weeks); *id* ¶ 40 (arguing all time should be rounded up).

The Complaint, however, defines the class in plain language to include only those employees who were underpaid in the "aggregate" during the class period. *See id.* ¶ 17. "Aggregate" refers to *total* underpayment of class members over the class period, as opposed to Home Depot's calculations based on specific pay periods. Moreover, to the extent there was any ambiguity about the meaning of the term "aggregate" in this context, Plaintiffs have expressly represented that this term refers to the total amount of time worked during the class period, not simply the amount of time worked in a given pay period.

Next, Home Depot argues Plaintiffs' proposed class is improper because "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Indeed, the Supreme Court in *Standard Fire*

*Insurance* held that a named plaintiff's assertion that he would seek to recover damages of less than $5 million did not remove the case from CAFA's scope. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591-92 (2013). Home Depot characterizes Plaintiffs' definition of the class as an attempt to stipulate that the amount in controversy is certain to be below $5 million. This argument is unpersuasive. Plaintiffs are not stipulating to any particular amount in controversy. Rather, they are defining the proposed class to include only those employees who were paid for fewer hours than they worked during the relevant period. Accordingly, *Rodriguez* and *Standard Fire Insurance* are inapposite.

Finally, Home Depot argues Plaintiffs' proposed class is untenable because it amounts to "strategic pleading." *See Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1077 (9th Cir. 2016); *see also Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2017 WL 5991863, at \*1 (N.D. Cal. Dec. 4, 2017). In *Corbin*, the Ninth Circuit reviewed a summary judgment decision in which an individual plaintiff sued the defendant over its work time rounding policy. *See Corbin*, 821 F.3d at 1077. The court ultimately rejected the plaintiff's argument that the applicable federal rounding regulation required employers to ensure that "*every* employee gains or breaks even over *every* pay period or set of pay periods." *Id.* The Ninth Circuit went on to explain that such an interpretation would "unfairly reward[] strategic pleading, permitting plaintiffs to selectively edit their relevant employment windows to include only pay periods in which they may have come out behind." *See id.*

In *Utne*, the plaintiff filed a complaint with a similar class definition to Plaintiffs' proposed class here. *Utne*, 2017 WL 5991863, at \*1. Home Depot moved for summary judgment, arguing that its rounding practice was neutral because it rounded shift hours to the nearest quarter hour. *Id.* at \*3. Expert analysis of Home Depot's records showed that this practice did not systematically undercompensate employees. *Id.* The plaintiff responded that summary judgment should not be granted because plaintiff only sought to certify a class of employees *who were in fact underpaid* in the aggregate. *Id.* at \*4. Like the court in *Corbin*, this Court rejected plaintiff's theory for relief as a misreading of the federal rounding regulation and granted summary judgment for the defendant.

*Id*.

Both the *Corbin* and *Utne* decisions focused on the merits of the plaintiffs' rounding claims. Here, however, the merits of the rounding claim are not at issue. Rather, in measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and *that a jury will return a verdict for the plaintiff on all claims made in the complaint.*" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis added) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

Ultimately, Home Depot cites no authority for the proposition that a defendant may redefine a plaintiff's class based on its impressions of the merits of the class claims. Home Depot's estimates of the amount in controversy were not based on the correct class and therefore cannot satisfy the amount in controversy requirement. Accordingly, the motion to remand is granted.

### B. Motion for Attorneys' Fees

Plaintiffs seek an award of attorneys' fees incurred as a result of removal. Attorneys' fees are available under 28 U.S.C. § 1447(c) only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Home Depot had an objectively reasonable basis for seeking removal. Accordingly, Plaintiffs' motion for attorneys' fees is denied.

### IV. CONCLUSION

For the reasons set forth above, this action is remanded to the Superior Court of California, Santa Clara. Attorneys' fees will not be awarded.

**IT IS SO ORDERED**.

Dated: July 26, 2019

RICHARD SEEBORG
United States District Judge